UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| THOMAS ATKINS | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:10-cv-138/1:01-cr-2 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Thomas Atkins ("Atkins") has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 82).[1]  Atkins pleaded guilty to one count of possession with intent to distribute 5 grams or more of crack cocaine in violation of Title 21, United States Code, Sections 841(A)(1).  Atkins was sentenced to 100 months in the custody of the Bureau of Prisons.  Although Atkins was released from prison and subsequently committed to the custody of the Bureau of Prisons for 24 months on January 15, 2010, the § 2255 motion only references his 2001 conviction and makes no reference to his 2010 revocation.  Therefore, this § 2255 motion is construed as a challenge to Atkins' original conviction and not his revocation proceedings.  Atkins contends he received ineffective assistance of counsel at the time of his conviction.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion.  *See* 28 U.S.C. § 2255.  Atkins was sentenced to a term of imprisonment for 100 months on July 16, 2001.  Atkins did not pursue a direct appeal.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

---

[1] Citations to docket entries will refer to the criminal court case file.  All filings in this § 2255 proceeding shall be filed in the criminal court case file (1:01-cr-2).

1

there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Atkins's judgment was entered on July 23, 2001, and he had ten (10) days, until August 6, 2001, to file a notice of appeal.[2] When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, Atkins' conviction became final on August 6, 2001, and the one-year statute of limitations began to run on August 7, 2001.

Atkins had one year from the time his judgment of conviction became final to file his § 2255 motion. August 6, 2001, was the date Atkins's right to file an appeal expired. Thus, Atkins was required to file his § 2255 motion no later than August 6, 2002. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Although the envelope does not reveal the date on which Atkins gave the motion to the prison authorities for mailing, he signed his motion on May 21, 2010. The Court will generously use the date Atkins signed his § 2255 motion, thus, Atkins's § 2255 motion is treated as filed on May 21, 2010. Atkins § 2255 motion is untimely as it was filed almost eight years after the August 6, 2002, expiration of the one-year statute of limitations for filing his § 2255 motion. Consequently, Atkins's

---

[2] Atkins' judgment was entered on July 23, 2001. Applying the computation rule in Rule 26(a)(1) of the Federal Rules of Appellate Procedure, the day of the act is excluded, thus, Atkins 10-day period began on July 24, 2001. In addition, under Rule 26(a)(2) of the Federal Rules of Appellate Procedure, intermediate Saturdays, Sundays, and legal holidays are excluded when the period is less than eleven days. Therefore, excluding the intermediate Saturdays and Sundays, Atkins had until August 6, 2001, to timely file a notice of appeal.

§ 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** (Criminal Court File No. 82).

An appropriate judgment will enter.

                                         */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE